IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TAMARA TRICKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-03280-MDH |
| ) | |
| MICHELLE KING, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for supplemental security income. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court reverses and remands the ALJ's determination for further proceedings.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe impairments of mild cognitive impairment, major depressive disorder, and generalized anxiety disorder. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to understand, remember, and carry out simple instructions; able to sustain attention and concentration, persistence, and pace to carry out simple tasks for 2 hours at a time with customary breaks throughout an 8-hour workday; occasionally interact with the public; respond appropriately to occasional changes in work-related tasks and station; and make simple work-related decisions and judgments.

The ALJ found Plaintiff could not perform her past relevant work but could perform other work such as a laundry worker, linen room attendant, and machine cleaner.

1

Plaintiff argues on appeal that the mental RFC is not supported by substantial evidence. Specifically, Plaintiff contends the ALJ failed to properly evaluate the medical opinion of record and failed to create an RFC that was supported by substantial evidence.

**STANDARD**

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those

2

Case 6:23-cv-03280-MDH    Document 14    Filed 02/18/25    Page 2 of 4

positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

First, Plaintiff argues the ALJ failed to reconcile conflicts between the social limitations within medical opinions the ALJ found persuasive and the assessed RFC. The record contains two medical opinions addressing Plaintiff's mental functioning rendered by State agency consultants. Specifically, Kim Stalker, Psy.D., and James Morgan, Ph.D., rendered medical opinions regarding Plaintiff's ability to function despite her mental impairments. Both doctors opined Plaintiff had significant social restrictions and indicated that Plaintiff could interact with coworkers and supervisors, but only in "small numbers for short periods of time."

The ALJ found the opinions of both Dr. Stalker and Dr. Morgan were "persuasive." He explained the doctors provided specific references to the medical record in support of their findings, and indicated the opinions were consistent with the evidence within the record. Plaintiff argues despite the ALJ finding these opinions persuasive he then omitted the opined social limitations from the assessed RFC. Both Dr. Stalker and Dr. Morgan indicated Plaintiff could interact with coworkers and supervisors but only in small numbers for short periods of time. Plaintiff contends omitting these limitations without providing any explanation constitutes error.

The ALJ found that Plaintiff was able to "occasionally interact with the public," but failed to include any restriction regarding her interaction with coworkers or supervisors. The Court

3

agrees with Plaintiff that remand is required. The ALJ failed to explain why the medical opinions she found persuasive were not adopted or how the inconsistencies in the evidence were considered and resolved. See SSR 96-8p. While the ALJ does not have to adopt the entirety of the medical opinions the ALJ is required to reconcile inconsistencies between the opinions and the RFC.

Plaintiff also argues that the ALJ failed to properly evaluate Dr. Applegate, Plaintiff's treating neurologist's statements. Here, the ALJ acknowledged Dr. Applegate's treatment notes included an assessment that Plaintiff was "permanently disabled" and "unemployable" and correctly found that the statements from Dr. Applegate addressed issues that are "reserved for the Commissioner."

However, the ALJ failed to address the remainder of Dr. Applegate's statements regarding Plaintiff's ability to perform various mental abilities required for working, such as concentrating, independent functioning, coping with vocational situations, arriving on time, and avoiding behavioral extremes. While the statements regarding a finding she was disabled may be disregarded by the ALJ, the ALJ must address Dr. Applegate's assessments of Plaintiff's specific functional mental limitations. Dr. Applegate reviewed Plaintiff's MRI, her severe anxiety, and other mental impairments. The ALJ failed to address these.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Commissioner's denial of benefits is hereby **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

Dated: February 18, 2025 　　　　　　　　　　*/s/ Douglas Harpool*　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**